**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 17, 2011

Lyle W. Cayce
Clerk

No. 10-11286
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY WAYNE MINTER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:89-CR-35-1
No. 4:90-CR-73-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gary Minter appeals the 24-month sentence he received after the revoca-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11286

tion of his supervised release.  He argues that the district court reversibly erred by failing to articulate adequate reasons for the sentence, which was above the range in the policy statements of the sentencing guidelines.

The plainly-unreasonable standard of review applies to revocation sentences.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed* (May 27, 2011) (No. 10-10784).  Minter, however, did not raise in the district court the arguments that he presents to this court, so our review is limited to plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  Minter must show that there is an error that is clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If those factors are established, this court has discretion to correct the forfeited error, but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *Id.*

The district court explicitly stated at the sentencing hearing and in its written judgment that it had considered the factors set forth in 18 U.S.C. § 3553(a).  Moreover, the court's comments throughout the sentencing hearing and in the written judgment reflect consideration of the factors in that section. The record establishes that the court considered the arguments that were presented to it and provided a reasoned basis for the sentence.  *See Rita v. United States*, 551 U.S. 338, 356 (2007); *Whitelaw*, 580 F.3d at 262-65. The reasons therefore do not amount to clear or obvious error.  *See Puckett,* 129 S. Ct. at 1429. Further, Minter has failed to establish that the court would have imposed a lighter sentence on remand.  *See Whitelaw,* 580 F.3d at 264-65.  Therefore, Minter has failed to establish reversible plain error.  *See id.*

The judgment is AFFIRMED.